## Gilman v. German Lithographic Stone Company, et al

(Decided March 5, 1913.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Third Division).

1.  Contracts—Action for Fraud and Deceit—Pleading.—Upon the trial of an action brought by appellant, advertising manager and agent of the Baptist Book Concern, against appellee for damages for fraud and deceit alleged to have been practiced by it in effecting a sale of certain shares of its worthless stock through appellant, Held, it not appearing from the petition that appellant was a party to the contract in his own right, or that appellees had any knowledge of his contract with the Book Concern as to the man-

ner in which he was compensated by it for services rendered by him as the manager of its advertising department, but appearing that the advertising contract was made by appellees with the Book Concern through appellant, as the latter's agent, and that the delivery to appellant of the stock to pay for the advertising was required by the Book Concern because of its contract with appellant, with which appellee had nothing to do, the right of action for such damages was and is in the Book Concern and not in appellant, who was its mere agent in making the contract, and the demurrer to the petition was properly sustained.

2.    Contracts—Real Party in Interest—Section 21 Civil Code.—The contract not coming under any of the exceptions mentioned in section 21 of the Code, as it was made in the name of the Baptist Book Concern by appellant as its agent, the Book Concern and not the agent must bring the action; and the claim of the latter to a part of the damages sustained must be adjusted between him and the Book Concern after the recovery of same.

A. C. RUCKER for appellant.

AL M. MARRET for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This action was brought by the appellant to recover from the appellee, German Lithographic Stone Company and certain of its officers and agents, damages for fraud and deceit practiced, as alleged, by it and them in effecting a sale of five hundred shares of its alleged worthless capital stock to the Baptist Book Concern, through appellant, its "advertising manager and agent." Both the German Lithographic Stone Company and the Baptist Book Concern are corporations with the right to sue and be sued.

Appellees filed a demurrer, general and special, to the petition, as amended, which the circuit court sustained, and appellant declining to plead further, judgment was entered dismissing the action. From that judgment he has appealed.

The demurrer was sustained on the ground that appellant was without capacity to bring or maintain the action, and that the petition did not state a cause of action in his behalf. If we reach the same conclusion it will be unnecessary to pass on the question of fraud and deceit raised by the petition.

Without undertaking to set out in detail the numerous averments of the petition, it is deemed sufficient to say that they, in substance, charge that appellant, as the agent of the Baptist Book Concern and manager of its

advertising business, made on its behalf a written contract with the appellee, German Lithographic Stone Company, through its officers and Board of Directors, whereby, in consideration of five hundred shares of its capital stock, of the par value of $1.00 per share, to be delivered to the Baptist Book Concern, it agreed that it would advertise for the appellee in four weekly issues of its religious newspaper, known as the "Western Recorder," a prospectus containing a statement as to the value and extent of its lithographic stone properties and the merits and value of its stock then on the market for sale; that in pursuance of such contract the Baptist Book Concern did publish and advertise in four weekly issues of its religious newspaper, the "Western Recorder," the prospectus referred to, in return for which the appellees, by direction of the Baptist Book Concern, delivered three hundred and seventy-five shares of its capital stock to it and one hundred and twenty-five shares thereof to appellant.

It was further, in substance, alleged in the petition that the payment of the one hundred and twenty-five shares of the stock to appellant was because of a contract he had with the Baptist Book Concern, under which he was entitled to receive as compensation for his services rendered it as manager of its advertising department, one-fourth of all moneys and property received for advertising done by it. Though not expressly alleged, it is intimated in the petition that appellant is a stockholder in the Baptist Book Concern.

It does not appear from the statements of the petition that appellant was a party to the contract with appellees in his own right, or that appellees had any knowledge of his contract with the Book Concern as to the manner in which he was compensated by the Book Concern for the services rendered by him as the manager of its advertising department. On the contrary, it is apparent from the allegations of the petition, as a whole, that the contract for advertising the prospectus of appellees was made by them with the Baptist Book Concern, through appellant, as the latter's agent, and that the delivery to appellant of the one hundred and twenty-five of the five hundred shares of appellees' capital stock, to pay for the advertising done for it, was required by the Book Concern because of its contract with appellant, with which appellees had nothing to do.

In view of this situation, if there was fraud or deceit

practiced by appellees, in procuring the contract made with the Book Concern, the right of action for such damages as may have resulted therefrom was and is in the Book Concern, and not in appellant, who was its mere agent in making and executing the contract. Section 18, Civil Code, provides:

"Every action must be prosecuted in the name of the real party in interest, except as provided in section 21."

Section 21 provides:

"A personal representative, guardian, curator, committee of a person of unsound mind, trustee of an express trust, a person with whom or in whose name a contract is made for the benefit of another, a receiver appointed by the court, assignee of a bankrupt or a person expressly authorized by statute to do so, may bring an action without joining with him the person for whose benefit it is prosecuted."

Numerous cases may be found in which actions have been allowed to be prosecuted in the name of the agent, but it will be seen that these were cases coming clearly within some of the exceptions mentioned in section 21 of the Code, that is, cases, (1) where the contract was made in writing expressly with the agent and importing to be a contract personally with him, although he was known to act as the agent; or (2) where he was the only known or ostensible principal and therefore was, in contemplation of law, the real contracting party; or (3) where by the usage of trade he was authorized to act as the principal contracting party, although his character as agent was known.

Obviously, the contract under consideration does not come under any of the exceptions here mentioned, as it was made in the name of the Baptist Book Concern by appellant as its agent. This being true, the corporation, and not the agent, must bring the action; and the claim of the latter, if any he has, to a part of the damages sustained must be adjusted between him and the corporation after the recovery of same.

If, as intimated in the petition, appellant was a stockholder in the Baptist Book Concern, that fact gave him no right to maintain the action, for it is well settled that a corporation, by its proper officers, is primarily the proper party to maintain an action to protect its property and interests and enforce its contracts. It is only where a corporation refuses or is unable to bring an action that it may be brought by the stockholders, or one of them for

the benefit of all; and, in such a case, it should be averred that the corporation is unable or refuses to bring the action, for which reason it must be made a defendant. 5 Enc. P. & P., page 56; 10 Cyc. 963-965-967. It is not alleged in the petition that the Baptist Book Concern had failed or refused to bring an action for the alleged fraud and deceit on the part of appellees, complained of by appellant, nor is it alleged that it had been requested to institute such an action.

The construction we have given the petition has been arrived at in the absence from the record of the written contract made between the contracting parties; for, although it is alleged in the petition that the contract is in writing and that appellees have a copy thereof, they were not by rule required to produce or file it, and it is not alleged that appellant was not also in possession of a copy thereof. In our opinion, there was no error in the ruling of the circuit court in sustaining the demurrer.

Wherefore the judgment is affirmed.